UNITED STATES of America, Appellee,

v.

FOT KOON CHIN, Defendant-Appellant.

United States Court of Appeals Second Circuit.

Argued June 3, 1964.

Decided June 16, 1964.

Howard L. Jacobs, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York and Neal J. Hurwitz, Asst. U. S. Atty., of counsel), for the United States of America.

Gilbert S. Rosenthal, New York City, for defendant-appellant.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction under a one-count indictment which charged a violation of the federal narcotics laws, 21 U.S.C. §§ 173, 174. Prior to the trial, which was without a jury, appellant moved unsuccessfully to suppress a quantity of heroin seized from his apartment at the time of his arrest. Appellant contends on appeal that the arresting officers lacked probable cause to arrest him and that the subsequent search of his apartment was unlawful.

In the early afternoon of January 31, 1963, a reliable informant told a narcotics agent that appellant was selling heroin in the area of his residence in the Bronx, New York. The informant also described appellant's appearance and gave his apartment number (2W).

At approximately 8:30 that evening, three narcotics agents went to the designated address, found appellant's name on the mailbox for apartment 2W, and proceeded to the second floor. According to their testimony, which the court found "was sufficient to establish probable cause for defendant's arrest," before they knocked at apartment 2W one Gong Bock Gon arrived on the scene. When an agent identified himself, Gon, in loud Chinese, these words being understood by one of the agents, exclaimed "police," "heroin." One of the agents then knocked on the door, announcing himself as a federal agent. Footsteps and the flushing of a toilet were heard from within. The landlady then appeared in the hall and in English said in substance that there were federal agents (police) outside the door and it was all right to open it.

About five minutes after the initial knock, appellant, who fitted the informant's description, opened the apartment door. He wore a blue bathrobe which had a white powder on the lapel; there was also a white powdery substance under appellant's nose. In answer to the question of one of the agents as to whether he was using or sniffing heroin, appellant said, "Yes, sniffing stuff. I am sniffing stuff, heroin." The agent then placed appellant under arrest. A subsequent search uncovered a quantity of heroin in the night table next to appellant's bed.

We need not decide whether the agents had probable cause for appellant's arrest when they first arrived at the apartment door. The frantic warnings of Gon, the sound of the toilet from within, the statements of the landlady and ap-

pellant's admission, when he voluntarily opened the door after the agents had announced their identity, that he indeed had been sniffing heroin, were altogether sufficient to establish reasonable grounds to believe that a narcotics offense had been or was being committed.

Judgment affirmed.